SINCLAIR v. HUNTLEY.

(Filed November 11, 1902.)

1. EJECTMENT—*Estoppel—Deeds—Writs.*

Where parties claim title from a common source, a subsequent grantee is estopped to claim as against a prior deed from the same grantor, unless such deed is invalidated for fraud or other cause.

2. EJECTMENT—*Title—Burden of Proof—Writs.*

Where, in ejectment, the plaintiff fails to prove a valid title as against the defendant, it is not necessary for the defendant to show title in himself.

ACTION by Mary E. Sinclair and another against N. G. Huntley and others, heard by Judge *Thomas A. McNeill* and a jury, at April Term, 1902, of the Superior Court of ANSON

County. From a judgment for the defendants, the plaintiffs appealed.

*H. H. McLendon,* for the plaintiffs.
*Jas. A. Lockhart,* for the defendants.

FURCHES, C. J. This is an action of ejectment, and. we are not certain upon what right the plaintiffs claim the land in controversy. It is admitted that both plaintiffs and defendants claim under Nancy Rickets, who seems to have been the mother of the *feme* plaintiff, who, she alleges, died intestate, and that she, the *feme* plaintiff, "is one of her heirs at law." But, in addition to this allegation, she offers in evidence a deed from her mother, Nancy Rickets, to herself for the land in controversy, dated the 9th of March, 1875. This makes a *prima facie* case for the plaintiffs, as both plaintiffs and defendants claim under Nancy.

But the defendants offer in evidence a deed from the said Nancy Rickets to Daniel Gatewood, dated December 22, 1873 ; a deed from Gatewood to E. A. Edwards, dated February 19, 1876, and a deed from E. A. Edwards to .the defendant N. J. Huntley (the *feme* defendant), dated October 1, 1886 ; and the evidence tends to show that Gatewood, Edwards and the defendant Huntley have had continuous possession under these deeds. And while there was much evidence as to the possession of the defendants and those under whom they claim, and while the Court below seems to have considered that a material question, we do not.

The only title the plaintiffs have is derived from Mrs. Rickets, as an heir at law or under the deed dated the 9th of March, 1875 ; and Mrs. Rickets having conveyed the land to Daniel Gatewood December 22, 1873; she had nothing to convey to the plaintiffs in 1875, nor did she have any estate in this land to descend to the *feme* plaintiff as one of her heirs

at law.   As the plaintiffs claim to derive their title from Mrs.
Rickets, the deed to Gatewood was an estoppel upon them,
and they could not proceed without first removing it, upon
the ground of fraud or some other cause.   This they at-
tempted to do, but were not successful.

As the plaintiffs' title failed, their action failed, and it
was not necessary for the defendants to establish their title;
and, for that reason, it is not necessary to discuss the question
of possession of defendants and those under whom they claim.

The plaintiffs' exceptions have been considered, and, if any
of them could be sustained, they could not affect the result
under the view of the case the Court has taken.

Affirmed.